Honorable W. W. (Bill) Gratz Representative, District 113 State Capitol Building Jefferson City, MO 65101
Dear Representative Gratz:
You have submitted a request for an opinion from this office which asks whether prisoners should be included in a city's population count when the prison is within the city limits and if the prisoners are excluded, how that could affect the amount of federal and state funding the city receives.[1]
Section 1.100, RSMo 2000, provides, in pertinent part: "The population of any political subdivision of the state for the purpose of representation or other matters . . . is determined on the basis of the last previous decennial census of the United States." The answers to your questions, therefore, are determined by laws governing the counting of prisoners for purposes of the census of the United States. The answer to your first question is found in federal case law. In Borough ofBethel Park v. Stans, 449 F.2d 575 (3rd Cir. 1971), a challenge was raised to a number of actions of the Bureau of Census in its determination to include as inhabitants of states individuals in colleges, armed services, and inmates. The practice by the Census Bureau to include inhabitants where they generally eat, sleep, and work was based upon historical precedence dating to the First Decennial Census Act of 1790. The court concluded that inmates of penal institutions should be included as inhabitants of the state wherein the institution was located. The court stated:
 Persons confined to institutions where individuals usually stay for long periods of time, such as penitentiaries or correctional institutions, . . . are enumerated as residents of the state where they are confined. People in this category, . . . often have no other fixed place of abode, and the length of their institutional stay is often indefinite.
Stans at 582. Although this decision is from the Third Circuit and not necessarily binding in the Eighth Circuit, we have found no contrary decisions and find the analysis by the court compelling.
Because the answer to your first question is that prisoners are counted within the city limits for such purposes as federal and state funding the city receives, your second question does not require an answer.
 CONCLUSION
Inmates of state correctional institutions should be included in the population count of the political subdivision in which the institution exists as determined at the last previous decennial census of the United States.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] We limit our response to whether to count prisoners for federal and state funding purposes, which is what your question addresses.